IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STACY RYAN,

Plaintiff,

vs.

STRECK, INC., a former Nebraska corporation, et al.,

Defendants.

4:26-CV-3058

ORDER

This matter is before the Court on the "Streck and Madison" defendants' unopposed motion to exceed this Court's word limit for briefs supporting a motion to dismiss. Filing 107. The Court will deny the motion without prejudice to reassertion after the plaintiff files an amended complaint.

Ordinarily, a party's opening brief is limited to 13,000 words. NECivR 7.1(d)(1)(A). That limit is, candidly, more than generous. The defendants seek leave to file a brief of 30,000 words in support of their contemplated motion to dismiss, necessitated by the length and complexity of the plaintiff's operative amended pleading. *See* filing 107 at 2. They "submit that the best way to simplify the issues and minimize the burdens for the Court and opposing counsel is to file a consolidated brief that addresses all issues." Filing 107 at 2. The Court disagrees: The best way to simplify the issues and minimize the burdens for the Court is for the plaintiff to file a pleading that makes sense.

## BACKGROUND

The plaintiff's complaint, without considering the attachments, is 241 pages long. *See* filing 89. It contains 581 numbered paragraphs (although not all the paragraphs are numbered) and the Court roughly estimates that an

average paragraph is about one-third of a page to half a page long. *See* filing 89, *passim*. That's without considering the attachments to the complaint. When the attachments are included, the operative pleading is an absurd 3,501 pages long. *See* filing 89; filing 90.

The complaint begins with a table of contents and a 2½-page "Overview" that leads into a 44-page "Summary of the Action," containing a mélange of factual allegations, legal argument, and (often illegible) excerpts of evidence. Filing 89 at 1-52. A relatively reasonable 3-page statement of the Court's jurisdiction is followed by a description of the "General Nature of the Action," and then 11½ pages of "Governing Legal Framework" that, despite the caption, eventually transition from general legal argument to specific allegations and legal conclusions about the defendants' alleged conduct. *See* filing 89 at 55-66.

The next section of the complaint is captioned "Tendency: A Documented Pattern of Half-Truths," followed by a section captioned "The Scheme Applied to Plaintiff," and the 81 pages of the complaint they span seem to contain the bulk of the plaintiff's factual allegations, threaded through with a substantial amount of argument about the alleged legal implications of those facts. *See* filing 89 at 66-134. Next are six pages on "Timeliness," which set out six separate responses to an affirmative defense that, as of now, hasn't been pled. *See* filing 89 at 134-40. In the same vein are the following 3 pages preemptively responding to a presumed *res judicata* argument. Filing 89 at 140-43.

Finally, we get to the "Claims for Relief" on page 143. "Plaintiff incorporates by reference each preceding paragraph as if fully set forth in each Count below." Filing 89 at 143. Then there are 20 more pages of factual allegations and legal arguments before the plaintiff actually gets to a claim for relief. Filing 89 at 143-64. Most of those are "incorporated" *in toto* "into each of the following Counts as additional support for the elements of

misrepresentation, actionable omission and half-truth, materiality, scienter, knowing participation, conspiracy, aiding and abetting, causation, and damages." Filing 89 at 143-44.

Finally, the plaintiff alleges 27 claims for relief under various theories. Filing 89 at 164-237. To the plaintiff's (minimal) credit, each of those claims is at least clear about which defendants are accused. *See* filing 89 at 164-237. Each claim contains a specific prayer for relief, *see* filing 89 at 164-237, but they're also followed by a 4-page "Prayer for Relief," *see* filing 89 at 237-40.

Then, of course, there are the thousands of pages of attachments. *See* filing 89-1 through 89-18; filing 90-1 through 90-7; filing 101-2. They include the entire 12-volume bill of exceptions from a related state court case—that is, they include the transcribed court proceedings <u>and</u> the trial court exhibits. *See* filing 89-5 through 89-17; filing 101-2.

## DISCUSSION

Fed. R. Civ. P. 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." And "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The essential function of the pleading is to give the defendants fair notice of what the claims are and the grounds upon which they rest. *Trambly v. Bd. of Regents*, 145 F.4th 922, 927 (8th Cir. 2025). That function can be frustrated by complaints that are too sparse, but also by those that are too fulsome.

And the plaintiff's operative pleading in this case is the least short, least plain statement of claims that the Court has encountered, which is saying something. It comprises a number of paragraphs that, contrary to Rule 10(b), sweep far more broadly than "a single set of circumstances." The complaint is

the length of a novel, but—unlike most novels—fails to articulate a coherent narrative, much less conform to the requirements of Rule 8 or Rule 10. And the attachments to the complaint compound the problem—essentially, the complaint has exhibits attached to it that contain even more exhibits, some but not all of which are mentioned in the complaint, much less identified with any specificity. Furthermore, because a plaintiff isn't required to adopt as true the full contents of any document attached to a complaint, *see WINBCO Tank Co., Inc. v. Palmer & Cay of Minn., L.L.C.*, 435 F. Supp. 2d 945, 955 (S.D. Iowa 2006), a reader is left to guess at what the plaintiff intends by including many of the attachments. It's hard to decide how to begin organizing it all, much less how to coherently respond to everything that might be buried in it.

The plaintiff preemptively addressed this issue, claiming that the complaint

> is detailed by necessity, and the detail is the point: it is the means by which the pleading satisfies, in multiple, independent ways, the heightened particularity standards that govern claims under § 10(b) of the Securities Exchange Act and Rule 10b-5, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b), and Federal Rule of Civil Procedure 9(b).

Filing 89 at 7. The plaintiff purports to meet those pleading requirements by relying on the defendants' briefing in this case and adjudicated findings in other proceedings, insisting that "[t]he length that follows is the footprint of that method, not rhetorical excess." Filing 89 at 7. The plaintiff also contends that because the PSLRA stays discovery while a motion to dismiss is pending, "she has pleaded, on the face of the complaint, every particularized fact then

available to her from the public record. The detail that follows is the product of these factual records, not of rhetorical excess." Filing 89 at 7.

The plaintiff's attempts to justify the length of the complaint have the opposite effect—they demonstrate that the plaintiff's counsel was aware of the problem, and forged ahead anyway. Furthermore, the Court has actually read the complaint, and finds no shortage of rhetorical excess. The duty to plead certain claims with particularity doesn't justify drowning the particulars in a tidal wave of invective and legal argument. And the idea that staying discovery during a motion to dismiss somehow justifies pleading and incorporating every piece of evidence already available doesn't make any sense at all.

Staying discovery pending resolution of a motion to dismiss is not uncommon. *See, e.g.*, *Johnson v. Cnty. of Douglas, Neb.*, No. 8:09-CV-356, 2011 WL 9368969, at *1 (D. Neb. July 6, 2011) ("it is a settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined" and "discovery is considered inappropriate while a motion that would be dispositive of the claims is pending") (citations and quotations omitted). Somehow, plaintiffs in those cases manage to get past motions to dismiss without filing thousands of pages of pleadings and evidence. That's probably because it's not necessary for the plaintiff to plead evidence at all under federal principles of notice pleading, *see McGowne v. Challenge-Cook Bros., Inc.*, 672 F.2d 652, 665 (8th Cir. 1982)—much less plead all of the evidence at the plaintiff's disposal.

What the Court has in front of it, in other words, is a unique example of the kind of "shotgun" complaint of which this Court and others have consistently disapproved. *See, e.g.*, *Goins v. Father Flanagan's Boys' Home*, No. 8:23-CV-477, 2025 WL 1592038, at *6 (D. Neb. June 5, 2025); *Anderson v. Nebraska*, No. 4:17-CV-3073, 2018 WL 3009115, at *6 (D. Neb. June 15, 2018).

The Court understands the position that puts the defendants in. They certainly could premise a motion to dismiss on the plaintiff's disregard for Rule 8(a), but Fed. R. Civ. P. 12(g)(2) makes it imprudent for them to put all their eggs in that basket. Hence, their motion for an expanded brief. *See* filing 107.

But following the plaintiff's blunderbuss of a pleading with an overlong brief would certainly lead to another overlong brief, and another—and should the motion to dismiss be denied in any part, the Court will face a lengthy responsive pleading, and discovery, that will quickly spin even further out of control. The plaintiff is already using the complaint and attachments to present the defendants and the Court with hundreds of pages of legal argument and what is effectively a summary judgment record. While the defendants are certainly acting appropriately by seeking leave to file a lengthy response, that would only permit the problem they and the Court face to metastasize. The Eleventh Circuit has persuasively described the trap:

> These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues. . . . The result is a massive waste of judicial and private

> resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

*Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (citations and quotations omitted).

The resulting chaos implicates the inherent powers "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962); *United States v. Hudson*, 11 U.S. 32 (1812)). The Court's exercise of an inherent power must be a "reasonable response to the problems and needs confronting the court's fair administration of justice," and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* at 45 (citing *Degen v. United States,* 517 U.S. 820 (1996); Fed. R. Civ. P. 83(b)). Accordingly,

> [a]lthough it is much easier in the short term to permit these deficient pleadings "instead of intervening *sua sponte* to narrow the issues . . . district courts have the power and the duty to define the issues at the earliest stages of litigation" and it is appropriate to "quickly demand repleader" to avoid being "drowned in an uncharted sea," a "massive record," and "loose pleadings."

*Brown v. Florida Bar*, No. 6:26-CV-1481, slip op. at 4 (M.D. Fla. Aug. 11, 2026) (quoting *Johnson Enters.*, 162 F.3d at 1333); *cf. Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651, 659 n.1 (E.D. Mo. 2019). The Court will do so here.

## CONCLUSION

For the foregoing reasons, on its own motion, the Court directs the plaintiff to file an amended pleading of no longer than 50 pages, using the same typeface and spacing as the operative amended complaint (filing 89). That limit should not be difficult to stay under, if the complaint contains simple, concise, and direct allegations, and removes redundant allegations and legal argumentation. Any attachments to the complaint shall be limited to documents embraced by the pleadings, or more efficiently attached than described in the complaint. All exhibits (including any discrete items contained in those exhibits) shall be clearly identified and labeled in the complaint.[1]

The plaintiff is encouraged to be conservative in complying with this order. Fifty pages is a limit, not a goal. In the unlikely event that the Court's circumscription of the second amended complaint leads to gaps the defendants seek to exploit in questioning whether it states a claim, the plaintiff may seek leave to amend and explain what factual omissions were necessitated by the Court's constraints. (But the plaintiff should be aware that in that situation, the Court will scrutinize what was still included in the complaint, and whether it was actually necessary and consistent with the rules described above.)

IT IS ORDERED:

1. The defendants' motion to exceed word limit (filing 107) is denied without prejudice to reassertion.

---

[1] Although NECivR 7.1(a)(2)(D) isn't applicable to pleadings, the citation form for exhibits found in that rule would, by way of example, be an appropriate way of identifying any attachments to the complaint.

2. The plaintiff shall file a second amended complaint, consistent with the directives set forth above, on or before August 28, 2026.

3. The plaintiff's failure to comply with this order may result in the operative complaint being stricken and this case dismissed without further notice.

4. The defendants' deadline to answer or respond to the plaintiff's claims is extended to no earlier than 14 days after the filing of the plaintiff's second amended complaint, subject to such further extension as may be warranted.

5. The plaintiff's objection (filing 99) to the Magistrate Judge's order (filing 98) denying the plaintiff's motion (filing 95) for an accounting and discovery is overruled without prejudice to reasserting an appropriate request for accounting or discovery premised on the claims realleged in the second amended complaint.

Dated this 14th day of August, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge